|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | WESTERN DISTRICT OF WASHINGTON |
| | A.T SEATTLE |

| | |
|---|---|
| JOHN LYONS, | CASE NO. 3:22-cv-05462-JHC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND |
| v. | |
| USAA CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

## I.

### INTRODUCTION

This matter comes before the Court on Plaintiff John Lyons's motion for leave to file an amended complaint. Dkt. # 10. Plaintiff seeks to add two claims. First, Plaintiff seeks to add a claim for violation of the Insurance Fair Conduct Act (IFCA) against Defendant USAA Casualty Insurance Company ("Defendant" or "USAA Insurer"). Second, Plaintiff seeks to add a claim for wrongful termination against his employer, "United Services Automobile Association" ("USAA Employer"), which is not currently a party to this suit.

For the reasons below, the Court GRANTS the motion in part and DENIES the motion in part. The Court grants leave to amend the complaint to add an IFCA claim but denies leave to amend to join USAA Employer and to assert a wrongful termination claim.

## II.

### BACKGROUND

Since 2019, Plaintiff has been employed as a claim adjuster by USAA Employer. Dkt. # 12 at 5. USAA Employer sells insurance policies to its employees through a related corporate entity, USAA Insurer. *Id.* Plaintiff has a USAA home-insurance policy that covers his Tumwater, Washington home. *Id.*

In July 2020, Plaintiff's home was significantly damaged by water. Dkt. # 1 at 2. In response, Plaintiff filed a claim with his insurer. According to the complaint, USAA Insurer mishandled the claim by, for example, refusing to make timely reimbursements for damages and failing to conduct an adequate investigation. *Id.* at 3. Plaintiff then filed this action alleging that USAA Insurer mishandled Plaintiff's home-insurance claim. *See generally id*. Along with asserting several other causes of action, Plaintiff "reserve[d] the right to assert" an IFCA claim but "[did] not assert this claim at this time." *Id.* at 9. The complaint states that the basis for the court's subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. *Id.* at 2. Plaintiff is domiciled in Washington. *Id.* at 1. USAA Insurer is a "foreign insurer" with a "principal place of business in Texas." *Id*. The complaint states that the amount-in-controversy exceeds $75,000. *Id.* at 2.

On September 29, 2022, Plaintiff moved for leave to file an amended complaint. Dkt. # 10. First, the motion sought leave to add the IFCA claim reserved in the initial complaint. Second, the motion sought leave to add a wrongful termination claim against USAA *Insurer*. Plaintiff's motion states that in August or September 2022, USAA Insurer fired him. *Id.* at 4.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND - 2

The motion asserts that his termination was retaliatory. Plaintiff says that his employer retaliated against him for (1) exercising his rights under the Family and Medical Leave Act (FMLA) and the Washington State Family Leave Act (WFLA) and (2) filing this lawsuit alleging mishandling of his insurance policy. *Id.* at 3.

A few days later, Plaintiff's counsel filed a supplemental declaration. Dkt. # 12. The declaration stated that counsel had since learned that Plaintiff was employed by USAA *Employer* (United Services Automobile Association), not by USAA *Insurer* (USAA Casualty Insurance Company). USAA Employer is not currently a party to this litigation. The supplemental declaration attached a copy of the proposed amended complaint.[1]

### III.

### DISCUSSION

A.  Legal Standards

This motion implicates three sets of legal standards: Federal Rule of Civil Procedure 15 (governing leave to amend), Federal Rule of Civil Procedure Rule 20 (governing permissive joinder), and the rules governing subject matter jurisdiction based on diversity of citizenship.

Rule 15 comes into play when a party seeks leave to amend a pleading. Courts are encouraged to permit leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). But leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). When determining whether to permit an amendment, courts evaluate the five *Foman*

---

[1] Defendant urges the Court to reject Plaintiff's motion because the initial motion did not attach a proposed amended pleading as required by Local Civil Rule 15. Dkt. # 13 at 4. But Plaintiff cured this defect by filing a supplemental declaration only a few days after filing the motion. And Defendant does not show any prejudice. So the Court will not deny the motion on this ground.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND - 3

factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Cap.*, 316 F.3d at 1051–52.

"[B]oth Rule 15 and Rule 20 are implicated when a party moves to amend its complaint to add a party." *Morand-Doxzon v. Delaware N. Companies Sportservice, Inc.*, No. 20-CV-1258 DMS (BLM), 2021 WL 831263, *2 (S.D. Cal. Mar. 4, 2021); *see also Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) ("[P]laintiff's petition to amend its pleadings to add [a party] brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure."). Rule 20 governs the permissive joinder of parties. Under Rule 20, a party may be joined if "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); Fed. R. Civ. P. 20(a)(1)–(2). While courts should allow joinder "liberally" to promote judicial economy, *see League to Save Lake Tahoe*, 558 F.2d at 917, courts must consider the effect of the proposed joinder on the action, including "the effect of an amendment on the court's jurisdiction." *Desert Empire Bank*, 623 F.2d at 1375.

Finally, this motion raises questions of subject matter jurisdiction. Federal courts have subject matter jurisdiction over suits between "citizens of different States" in which the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332. To establish subject matter jurisdiction based on diversity, there must "complete diversity of citizenship." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)). This

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND - 4

requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*

B.   IFCA Claim

In the initial complaint, Plaintiff "[r]eserved" a claim for the violation of the IFCA, Washington Revised Code (RCW) § 48.30.015, but did not yet assert the claim. *See* Dkt. # 1 at 9. At the time of initial filing, Plaintiff had not satisfied one of the pre-filing requirements for claims under the IFCA: provision of written notice to the insurer "[t]wenty days prior to filing an action." RCW § 48.30.015(8); *MKB Constructors v. Am. Zurich Ins*. Co., 49 F. Supp. 3d 814, 840 (W.D. Wash. 2014) (construing the pre-suit notice provision as a mandatory condition precedent to an IFCA claim). Plaintiff has since satisfied this requirement. Plaintiff provided USAA Insurer with written notice on or about June 24, 2022. Dkt. ## 11 at 25; 15 at 2. Defendant does not dispute this. *See generally* Dkt. # 13. Plaintiff moved for leave to amend on September 29, 2022, well after the 20-day notice period. Dkt. # 15 at 2. Accordingly, Plaintiff has satisfied the IFCA's notice requirement.

Defendant argues that leave to be amend should be denied because Plaintiff filed the "action" (that is, the initial complaint) before the notice period had run. Dkt. # 13 at 5–6. To be sure, Plaintiff provided written notice on the same day that he filed his initial complaint. But courts in this district have consistently held that the IFCA's notice provision is satisfied if the Plaintiff provides twenty days of notice before asserting a *claim* under the IFCA in an amended complaint. "Nothing in the IFCA prevents a plaintiff from amending a complaint to add an IFCA claim—even if the IFCA claim is based on facts already in the complaint. Further, the IFCA only requires notice before an IFCA claim is filed." *Stellar J Corp. v. Unison Sols., Inc.*, No. C12-5982-RBL, 2013 WL 1499151, at *3 (W.D. Wash. Apr. 11, 2013); *see also, e.g.*, *Bronsink v. Allied Prop. & Cas. Ins. Co.*, No. C09-751MJP, 2010 WL 2342538, at *2 (W.D.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND - 5

Wash. June 8, 2010) ("Plaintiffs' written notice to the Insurance Commissioner, to attorney Thenell and then to attorney Rogers, over 20 days in advance of amending their complaint, was sufficient to satisfy the condition precedent to filing their IFCA claim."); *McCullough v. Travelers Home & Marine Ins. Co.*, No. C17-1234-JCC, 2017 WL 6604395, at *2 (W.D. Wash. Dec. 27, 2017) ("The Court disagrees with Travelers' narrow reading of the statute.  The statute requires a party to provide timely notice of the basis for bringing an IFCA claim—whether the 20-day notice occurs before a lawsuit commences or after an amendment to an existing lawsuit is irrelevant."); *Jamir v. Standard Fire Ins. Co.*, No. C10-569RSM, 2010 WL 5012543, at *2 (W.D. Wash. Dec. 3, 2010) ("Plaintiffs did provide the twenty-day notice of their IFCA claim before amending their complaint to include that [IFCA] claim.  Defendant's motion for partial summary judgment . . . is accordingly DENIED."); *Washington Cities Ins. Auth. v. Ironshore Indem., Inc.*, No. 2:19-CV-00054-RAJ, 2020 WL 6685169, at *3 (W.D. Wash. Nov. 12, 2020).  Defendant cites no case law for its position that notice must be filed before the start of any suit that later includes an IFCA claim, or that an IFCA claim cannot be added by amendment (so long as notice is provided before amendment).  And none of the five *Foman* factors counsel against permitting leave to amend.

Accordingly, the Court grants Plaintiff's motion for leave to amend to assert an IFCA claim.

C.  Joinder of USAA Employer/Adding a Wrongful Termination Claim

Plaintiff seeks leave to amend his complaint to assert a wrongful termination claim against USAA Employer, which is not currently a party to this suit.  Plaintiff asserts that he was unlawfully retaliated against for asserting rights under the FMLA and WFLA and for filing this action regarding the mishandling of his insurance claim.  The Court therefore construes the motion as (1) a motion to join USAA Employer, and (2) a motion for leave to amend the

complaint to add a wrongful termination claim.  As discussed in this section, joinder of USAA Employer would eliminate subject matter jurisdiction and, in the alternative, would violate Federal Rule of Civil Procedure 20.

      1.      Subject Matter Jurisdiction

Joinder of USAA Employer would violate the rule of "complete diversity" and would destroy subject matter jurisdiction; it is therefore improper.  According to Defendant, USAA Employer is an unincorporated association that is a citizen of every state in which it has members.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988) ("USAA was properly considered a citizen of each and every state in which [it] has members." (internal quotation marks and citation omitted) (alteration in original)); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating the general rule that an unincorporated association is deemed a citizen of every state in which a member of the association is a citizen); Dkt. # 13 at 5.  This eliminates complete diversity with Plaintiff (who is domiciled in Washington).

Plaintiff does not appear to dispute USAA Employer's citizenship, or that the inclusion of a non-diverse Defendant would typically violate the rule of complete diversity.  Rather, he argues that joinder of USAA Employer is permissible because diversity of citizenship is determined at the time of filing.  Dkt. # 15 at 4–5.  And at the time of filing, Plaintiff was completely diverse from the single Defendant in this case, USAA Insurer.

Plaintiff relies on the Supreme Court's decision in *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1998) (per curiam).  In that case, a gas seller brought a breach of contract action.  After the litigation began, the plaintiff assigned its interest in the contract to a non-diverse party and sought to substitute that new party under Federal Rule of Civil Procedure 25(c).  The Supreme Court held that the substitution of the non-diverse party did not destroy

subject matter jurisdiction. *Id.* at 428–29.  The Court also stated that "diversity of citizenship is assessed at the time the action is filed," and that "if jurisdiction exists at [that] time . . . such jurisdiction may not be divested by subsequent events." *Id.* at 428.

Based on this language, Plaintiff argues that because diversity jurisdiction attached when the action was filed, it would not be destroyed by the later joinder of a non-diverse party. Plaintiff's "[r]eliance on [*Freeport*] is understandable.  Read literally, it seems to suggest that the later change in the identity of parties defendant could not destroy the diversity that originally existed." *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 139 (1st Cir. 2004).  But "adding context makes it pellucid that the quoted language cannot be taken literally." *Id.* at 140.  "[W]hen the Court declared that 'subsequent events' do not divest the district court of diversity jurisdiction, it was referring mainly to post-filing transfers of interest—not to all post-filing additions of non-diverse parties." *Id.*  A contrary interpretation of *Freeport* would "allow for the easy circumvention of 28 U.S.C. § 1332(a)(1) and would expand the reach of diversity jurisdiction beyond what Congress intended." *Id.*  Accordingly, circuit courts construe *Freeport* narrowly to apply only to substitutions governed by Rule 25.  *See id.* (citing First, Fifth, Seventh, and Eleventh Circuit cases).  As the Eleventh Circuit explained:

> *Freeport* does not stand for the proposition that *all* additions of nondiverse parties are permissible as long as complete diversity existed at the time of commencement of the lawsuit.  Instead, the holding in *Freeport* relies upon the assignee's having been substituted as a plaintiff under Fed. R. Civ. P.  25(c).  In this case, the City's addition was unrelated to rule 25.  As a result, we find *Freeport* to be inapplicable. When the district court granted [plaintiff's] motion to add the City as a defendant, complete diversity no longer existed between the parties, thereby destroying subject matter jurisdiction.

*Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861–62 (11th Cir. 1998).

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND - 8

Here, Plaintiff's motion does not seek to substitute a party under Rule 25, but seeks to join a new party, presumably under Rule 20.[2]  Nor does the proposed amendment merely modify the citizenship of the original parties.  Joining USAA Employer would violate the requirement of complete diversity.  Therefore, it is impermissible under § 1332.  *Cf. Desert Empire* Bank, 623 F.2d at 1374 (in the context of post-removal joinder, stating that "the diversity jurisdiction of the district court was destroyed at the moment the court granted DEB leave to add Schulte as a party defendant").

Ordinarily, when a federal court has original jurisdiction over some, but not all, claims in a case, it may exercise supplemental jurisdiction over the remaining claims.  *See* 28 U.S.C. § 1367(a).  But supplemental jurisdiction cannot extend to claims against USAA Employer.  The broad grant of supplemental jurisdiction found in § 1367(a) is curtailed by exceptions found in § 1367(b).  That section limits supplemental jurisdiction in cases based on diversity jurisdiction. 28 U.S.C. § 1367(b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction . . . over claims by *plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure* . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

*Id.* (emphasis added).

---

[2] Though Plaintiff's motion does not clearly identify which joinder rule provides the basis for his motion, Rule 20 is the only plausible joinder rule.  Rule 19 is clearly inapplicable.  That rule governs the joinder of *required* parties.  Joinder under Rule 19 is appropriate only if, for example, the court cannot provide full relief in the party's absence, or if disposing of the action in the party's absence would "impair or impede the person's ability to protect [their] interest."  Fed. R. Civ. P. 19(a)(1).  There is no plausible argument that such conditions are present: The presence of Plaintiff's employer is in no way required to adjudicate his insurance-related claims.  Moreover, a party can be a required party only if joinder would "not deprive the court of subject-matter jurisdiction."  *Id.*  As discussed throughout this section, joinder of USAA Employer would deprive the Court of subject matter jurisdiction.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND - 9

Here, the proposed wrongful termination claim is a claim (1) by a plaintiff (2) against a person made a party (or proposed to be made a party) under Rule 20 (one of the enumerated rules in § 1367(b)) and (3) joinder would go against § 1332 because it would eliminate complete diversity between the parties. Based on § 1367(b), the Court lacks supplemental jurisdiction over the wrongful termination claim against USAA Employer.

Several leading treatises agree. While diversity jurisdiction is typically assessed when a complaint is filed and is not destroyed by subsequent events, "parties that are joined under Rules 19 and 20 . . . must independently satisfy the basic jurisdictional requirements for diversity cases." Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3608 (3d ed.) (citations omitted). Claims against such parties cannot rely on supplemental jurisdiction. "This limitation on supplemental jurisdiction is thought to be necessary in order to prevent diversity jurisdiction from being artificially created by utilizing Rule 19 or Rule 20 to bring in a nondiverse party after the initial complaint is filed; if it were otherwise, the rule of complete diversity might be undermined and the limited subject matter jurisdiction of the federal courts improperly expanded." *Id.* And while joinder is generally favored under the Federal Rules to promote judicial economy, "[a] serious limitation on joinder of parties in the federal courts is the requirement of complete diversity." *Id.* at § 1659; *see also* 15A *Moore's Federal Practice – Civil* § 102.16 (2022) ("When an amended complaint joins new parties, diversity with respect to those parties is determined as of the time the amendment is filed."); Hon. Virginia A. Phillips & Hon. Karen L. Stevenson, *Federal Civil Procedure Before Trial* § 2:1585, p. 2C-62 (2021) ("[I]f plaintiff adds new defendants to the lawsuit, diversity must exist between plaintiff and the newly added parties *at the time leave to amend is granted.*").

Despite the conclusion above, Plaintiff argues that the Court has subject matter jurisdiction over the wrongful termination claim against USAA Employer because the alleged

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND -
10

misconduct that gave rise to the claim—retaliatory termination—occurred only *after* the suit was filed. See Dkt. # 15 at 5. This made it impossible to join USAA Employer upon filing. But Plaintiff cites no authority suggesting that such circumstances alter the subject matter jurisdiction analysis. And while the Court knows that some courts have permitted Rule 24 *intervention* when a non-diverse party's interest did not arise until after the filing of the action, *see, e.g.*, *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1024–26 (7th Cir. 2006); *Olympic Mills Corp. v. Rivera Siaca*, 477 F.3d 1, 5–6 (1st Cir. 2007), Plaintiff cites no case in which courts have permitted Rule 20 joinder of a non-diverse defendant simply because the defendant's wrongful conduct occurred after the filing of the action.

Accordingly, the Court denies leave to amend the complaint to join USAA Employer and add a wrongful termination claim because joinder would deprive the Court of subject matter jurisdiction.

    2.    Rule 20

Even if joinder of USAA Employer would not deprive the Court of subject-matter jurisdiction, however, the Court would still deny Plaintiff's motion under Rule 20.[3] That rule has two requirements. First, joinder is appropriate if the "right to relief is asserted against [the defendants] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Second, there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B).

The first prong of the Rule 20 test is arguably satisfied. The insurance-related claims against USAA Insurer and the wrongful termination claim against USAA Employer arise out of

---

[3] As discussed above, *see supra* n.2, while Plaintiff does not identify the rule that serves as the basis for joinder, there is no plausible argument that USAA Employer should be joined under Rule 19, which governs joinder of required parties.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND -
11

"the same transaction or occurrence, or series of transactions or occurrences." Plaintiff alleges that USAA Employer fired him in part "for seeking insurance benefits owed to him."[4] Dkt. # 10 at 3. There is at least arguably a "similarity in the factual background" of the claims. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

But the Court concludes that there is no common "question of law or fact." There is clearly no common question of law: There is no legal overlap between the insurance-related claims asserted against USAA Insurer and the wrongful termination claim asserted against USAA Employer. Nor is there a common question of fact. Plaintiff's wrongful termination claim is based on retaliation: Plaintiff alleges that after he filed an insurance claim and pursued that claim vigorously, USAA Employer fired him in retaliation. All that matters, then, is that (1) Plaintiff made an insurance claim, (2) USAA Employer knew that he made an insurance claim, and (3) USAA Employer retaliated against him for making the insurance claim. The important facts for his insurance-related causes of action—whether USAA acted unreasonably or impermissibly withheld payment, for example—are not particularly relevant to his retaliation-based claim. And while Plaintiff observes that USAA Insurer and USAA Employer share a human-resources system, Dkt. # 15 at 6, this statement does little more than identify the possibility that discovery might be more efficient if joinder is permitted. But this does not identify a question of fact common to both defendants.

Accordingly, even if joinder of USAA Employer would not deprive the Court of subject matter jurisdiction, the Court would still determine that joinder is inappropriate under Rule 20.

---

[4] Plaintiff mainly asserts, however, that he was terminated in retaliation for exercising his FMLA and WFLA rights.

ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO AMEND -
12

## IV.

### CONCLUSION

The Court hereby GRANTS the motion for leave to amend in part and DENIES the motion for leave to amend in part. *See* Dkt. # 10. Should Plaintiff wish to file an amended complaint in accordance with this order, he must do so within twenty-one (21) days of this order.

Dated this 10th day of November, 2022.

John H. Chun
United States District Judge