UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LYONS,<br><br>    Plaintiff,<br><br> v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br>    Defendant. | CASE NO. 3:22-cv-05462-JHC<br><br>ORDER |

**I.**

**INTRODUCTION**

This matter comes before the Court on Defendant's "Motion to Quash, or in the Alternative, Motion for a Protective Order." *See* Dkt. # 19. For the reasons below, the Court DENIES the motion.

**II.**

**BACKGROUND**

Plaintiff sued USAA Casualty Insurance Company ("USAA Insurer") alleging misconduct in the handling of his home insurance policy. Dkt. # 1. Plaintiff later sought leave to amend the complaint; in part, to add a claim for wrongful termination against his former

ORDER - 1

employer, a USAA Insurer affiliate named "United Services Automobile Association" ("USAA Employer"). Dkt. ## 10, 12. Plaintiff alleged that USAA Employer fired him in part because he filed and vigorously pursued an insurance claim with his employer's affiliate, USAA Insurer. The Court denied this part of the motion for leave to amend. Dkt. # 26. The Court concluded that allowing joinder of USAA Employer would violate the rule of "complete diversity" and would therefore deprive the Court of subject matter jurisdiction. *Id.*

The subpoena at issue in this motion seeks information from non-party Lincoln National Life Insurance Company. The subpoena mainly requests that Lincoln National produce information related to Plaintiff's employment (such as leave requests, employee benefit plans, or disability insurance plans), but also seeks "[a]ll correspondence with or relating to Plaintiff." *See* Dkt. ## 20 at 8; 19 at 2.

### III.

#### ANALYSIS

Defendant moves to quash the subpoena and, in the alternative, for a protective order. Dkt. # 19. Defendant argues that the discovery sought is not relevant to any of Plaintiff's insurance-related causes of action. *Id.* at 4–7. Rather, Defendant says that discovery is relevant only to the wrongful termination claim against USAA Employer proposed as part of Plaintiff's motion for leave to amend, which, as noted, the Court has since denied. *Id.*; Dkt. # 26 (denying in part motion for leave to amend). In its reply brief, Defendant also argues that the subpoena is void because it exceeds the subject matter jurisdiction of the Court. Dkt. # 25 at 2.

Plaintiff opposes Defendant's motion on two grounds. First, Plaintiff argues that Defendant lacks standing to quash the subpoena. Dkt. # 21 at 7–8. Second, he asserts that the information sought is relevant not only to the since dismissed employment claim, but also to the insurance-related claims. *Id.* at 9.

A party generally lacks standing to quash a subpoena issued to a non-party under Federal Rule of Civil Procedure 45 "unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *See, e.g., Erickson v. Microaire Surgical Instruments LLC*, No. C08-5745BHS, 2010 WL 1881946, at *2 (W.D. Wash. May 6, 2010); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with respect to the documents sought."); *Freed v. Home Depot U.S.A., Inc.*, No. 18cv359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019); *Televisa, S.A. de C.V. v. Univision Communications, Inc.*, No. CV 05-3444 PSGMANX, 2008 WL 4951213, at *1–2 (C.D. Cal. Nov. 17, 2008).  But "[t]he Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014).

Here, Defendant identifies no "right or privilege in the information sought to be disclosed." *Freed*, 2019 WL 582346, at *2.  Defendant does not, for example, argue that the discovery sought contains its confidential or privileged information, or that Defendant has any cognizable interest in preventing disclosure.  Instead, Defendant merely argues that the information sought is irrelevant to the insurance-related claims that remain at issue in the case. *But see Redick v. Lowes Home Centers, LLC*, No. 1:21-CV-00358-SAB, 2022 WL 3717996, at *3 (E.D. Cal. Aug. 29, 2022) ("Under this general [standing] rule, plaintiff lacks standing to object to the subpoena on grounds of relevance.").

Defendant does not respond to Plaintiff's standing argument; its reply brief does not use the word "standing" once.  Nor does Defendant provide any argument addressing whether the

analysis differs for protective orders under Rule 26(c); in fact, Defendant presents no legal argument in support of its alternative request for a protective order.

Given Defendant's failure to advance any argument to support standing, the Court finds that Defendant has conceded the issue, and that Defendant lacks standing to quash the subpoena under Rule 45. *See, e.g.*, *Redick*, 2022 WL 3717996, at *3 (denying the motion to quash because "Defendant does not directly address Plaintiff's argument or standing at all. . . . The Court considered offering Defendant an opportunity to submit supplemental briefing on this issue or to address at the hearing, however, the Court finds Defendant had a full opportunity to address the issue of standing in light of Plaintiff's argument raised."); *Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (collecting cases in which a party's failure to respond to an argument constitutes forfeiture of that argument). The lack of argument is particularly consequential when, as here, a party challenges something as fundamental as standing.

Defendant nevertheless insists that the subpoena is "void in exceeding subject matter jurisdiction." Dkt. # 25 at 2. Defendant appears to argue that because Plaintiff's proposed amendment to add an employment claim against USAA Employer would have deprived the Court of subject matter jurisdiction, any subpoena seeking information related to such a claim is void. In support, Defendant cites a Supreme Court case in which the Court stated that "Federal Rule of Civil Procedure 45 grants a district court the power to issue subpoenas as to witnesses and documents, but the subpoena power of a court cannot be more extensive than its jurisdiction." *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988). But in that case, the Supreme Court confronted a situation in which the district court lacked jurisdiction over the action *as a whole. See id.* ("[I]f a district court does not have subject-matter jurisdiction over the underlying *action*, . . . then the process is void." (emphasis added)). Here,

ORDER - 4

the Court maintains subject matter jurisdiction over the action: Because the Court denied Plaintiff's motion for leave to amend to add an employment claim against USAA Employer, the parties remain completely diverse, and the Court retains subject matter jurisdiction over the action.

Finally, the Court notes that Lincoln National—as the recipient of the subpoena—would, of course, have standing to challenge the relevancy of the discovery sought by the subpoena. If Lincoln National moves to quash the subpoena, the Court will scrutinize the relevance of the information sought to the remaining claims.

## IV.

### CONCLUSION

The Court DENIES Defendant's motion. Dkt. # 19.

Dated this 17th day of November, 2022.

*John H. Chun*
John H. Chun
United States District Judge